# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Reissued for Public Availability Date: September 8, 2026

| | | |
|---|---|---|
| ERIK SEDWICK, Petitioner, | * | No. 24-1684V |
| v. | * | Special Master Christian J. Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Filed: August 13, 2026 |

Erik Sedwick, pro se, Nashville, TN;
Crystal Fialkowski, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1, 2]

Erik Sedwick sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34 (2012). Mr. Sedwick, however, appears not to be interested in continuing the litigation as he has not responded to orders. Because Mr. Sedwick has not prosecuted his case, his case is DISMISSED.

## I. Procedural History

Represented by attorney Sean Greenwood, Mr. Sedwick alleged that the Tdap vaccine he received on January 19, 2022, caused him to suffer from a Shoulder Injury Related to Vaccine

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Order and Decision was initially filed on August 13, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Order and Decision is reissued in its original form for posting on the Court's website.

Administration ("SIRVA"). Pet., filed Oct. 18, 2024.[3] He filed numerous medical records over the next approximately ten months. The Secretary filed a status report on August 25, 2025, stating that he intended to defend the case.

The Secretary filed his Rule 4(c) Report on November 7, 2025, recommending that compensation be denied. The Secretary first argued that Ms. Sedwick had failed to preponderately establish that he received a vaccine in his right arm on January 19, 2022. Resp't's Rep. at 15-16. The Secretary further argued that, even it was established that Mr. Sedwick received the Tdap vaccine on January 19, 2022, he could not establish any of the four elements of a Table SIRVA. Id. at 16-20. Finally, the Secretary argued that Mr. Sedwick had failed to establish a causation-in-fact claim, as SIRVA is not a defined injury outside of the Vaccine Injury Compensation Program and, additionally, Mr. Sedwick had not met his burden under Althen. Id. at 20-22.

In the Rule 4(c) Report, the Secretary also requested additional medical records. Mr. Sedwick was granted subpoena authority to obtain certain records and was ordered to file the records by December 15, 2025. Order, issued Nov. 12, 2025.

The case was reassigned to the undersigned on November 13, 2025. Mr. Sedwick filed the requested records over the next few weeks. A status conference was held on January 29, 2026. Mr. Sedwick, through Mr. Greenwood, maintained that he had evidence to establish that he received the vaccination, and stated that he was working to obtain additional evidence regarding onset, such as affidavits from coworkers and potentially workout data and electronically stored information. See Order, issued Jan. 30, 2026. A template onset affidavit was emailed to counsel, and Mr. Sedwick was ordered to file the completed affidavit and any additional evidence by March 2, 2026. Id.

On February 6, 2026, Mr. Greenwood filed a motion to withdraw. Mr. Greenwood relayed that petitioner objected to the order for additional information and records and "indicated his refusal to assist counsel to develop the case." Mr. Greenwood provided Mr. Sedwick with notice of intent to withdraw and provided a copy of the January 29, 2026 order setting the next deadlines.

To ensure that Mr. Sedwick had *received* the notice, Mr. Greenwood was ordered to file proof that he sent the motion to withdraw and orders via certified mail with return receipt. Order, issued Feb. 18, 2026. Mr. Sedwick was advised that, if he did not retain new counsel, he could respond to the motion by March 27, 2026, stating whether he intended to retain new counsel, proceed pro se, or have his case dismissed. Id.

Mr. Greenwood filed proof of service on February 27, 2026. Mr. Sedwick did not file a response by the March 27, 2026 deadline. Mr. Greenwood's motion to withdraw was granted on May 4, 2025. In the same order, Mr. Sedwick was ordered to show cause why his case should not be dismissed, as his willingness to continue the case appeared questionable. The order

---

[3] Although the first sentence of the petition refers to a vaccine on October 4, 2021, all subsequent references state that the vaccination was on January 19, 2022. The Secretary refers only to an alleged January 19, 2022 vaccination. See Resp't's Rep., filed Nov. 7, 2025.

explained that, if Mr. Sedwick continued his case, he would be expected to comply with orders and deadlines, including filing additional evidence and eventually submitting an expert report. If he did not respond, his case would be dismissed. Mr. Sedwick was given a deadline of June 22, 2026, to respond.

Mr. Sedwick was served with the order via first class mail. However, the mail was returned to the Court as "attempted – not known" and "unable to forward" on May 22, 2026. To date, Mr. Sedwick has not contacted the court.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case. Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, Mr. Sedwick appears to have no interest in maintaining his case. Mr. Greenwood conveyed that Mr. Sedwick did not wish to comply with the order to gather additional evidence, and Mr. Sedwick did not dispute this via a response to Mr. Greenwood's motion to withdraw. He has not retained new counsel, nor communicated with the Court to seek more time to retain counsel or express interest in continuing pro se. Although the Order to Show Cause was returned as undelivered, there is evidence that Mr. Sedwick received the February 18, 2026 order for a response to Mr. Greenwood's motion, and Mr. Sedwick did not respond. In addition, given that the mail was returned, it appears that Mr. Sedwick has possibly moved and, if so, he has not advised the Court of how to contact him. In sum, Mr. Sedwick has not shown any intent to pursue his claim for compensation. His case is therefore dismissed.

**This case is dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master